MASON, Circuit Judge
(dissenting).
I dissent. I would discharge the writ and thereby affirm the order of the Public Service Commission. The certificate of authority granting the petitioner the right to transport passengers in Volusia County granted such right over “irregular routes” servicing certain municipalities in that county and the Daytona Beach Regional Airport, limiting the airport service to hotels and motels, with emergency movements from the Airport to all points in Florida. No regular routes were described in the certificate. At the time of the granting of this certificate the statute (F.S. 323.14(1) F.S.A.) provided that a certificate holder may depart from an authorized route of carriage for the purpose of transporting in charter carriage a party of passengers to a point or points not on such route, referring to a route described in the certificate. Subsequently, in 1970, the Legislature, in amending this section to limit the Commission’s power to authorize charter operation as a matter of right only in certificates issued subsequent to October 1, 1970, and upon applications filed prior to such date, specifically provided that
“In no event may the Commission grant charter rights except in conjunction with the grant of regular route certificates to motor common carriers of passengers”
So, not only did the petitioner not have a right to perform charter service when its application for such right was originally denied on September 8, 1970, because it did not have a certificate to operate over regular and specific routes, but also at the *14 time of the Commission’s denial of reconsideration on January 21, 1971, the petitioner had no right to charter operation under the 1970 act because the Commission’s power to grant charter rights was limited to regular route certificate holders.
Petitioner was an “irregular route” certificate holder, not a “regular route” certificate holder at all time.s and, therefore, was not entitled at any time to a grant of authority for charter operation. It at no time has “authorized routes of carriage” so as to entitle it to depart from such “authorized routes” for the purpose of transporting in charter carriage a party of passengers to a point or points not on such route, within the purview of the intent and purpose of the statute.